Davis v Port (2021 NY Slip Op 02241)





Davis v Port


2021 NY Slip Op 02241


Decided on April 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 13, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Oing, Kennedy, JJ. 


Index No. 654027/13 Appeal No. 13585 Case No. 2020-3687 

[*1]Paul Davis, in His Individual Capacity and as an Assignee of Claims of Scottish Re Group Limited, Plaintiff-Appellant,
v
Larry Port, et al., Defendants-Respondents. Jeffrey Hughes, Defendant.


Boies Schiller Flexner LLP, New York (Eric Brenner of counsel), for appellant.
Mayer Brown LLP, New York (Jean-Marie L. Atamian of counsel), for Larry Port, respondent.
Schulte Roth & Zabel LLP, New York (Andrew D. Gladstein of counsel), for Cerberus Capital Management, L.P., respondent.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about August 3, 2020, which, insofar as appealed from as limited by the briefs, granted defendant Port's motion to dismiss the second cause of action and defendant Cerberus Capital Management L.P.'s motion to dismiss all the claims asserted against it, unanimously modified, on the law, the fifth cause of action for dishonest assistance against Cerberus reinstated, and otherwise affirmed, without costs.
The second cause of action against Port and the third, sixth, and seventh causes of action against Cerberus were properly dismissed for failure to state a claim. While plaintiff's allegations, as supplemented by its additional submissions, are to be accorded their most favorable intendment, the allegations here consist either of bare legal conclusions or, even when supplemented by the supporting documentation, remain too general and conclusory to state those claims (see Summit Solomon & Feldesman v Lacher , 212 AD2d 487 [1st Dept 1995]). However, with respect to the fifth cause of action, for dishonest assistance under Cayman Islands law, the claim is sufficiently stated given that the supporting documents allow for the reasonable inference that Cerberus procured or assisted in the alleged breach of fiduciary duties by the Scottish Re directors.
We find Cerberus's remaining arguments for dismissal of this cause of action to be unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 13, 2021